IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII PACIFIC FINANCE, LTD., | CIVIL NO. 13-00692 DKW-RLP |
| Petitioner, | [Consolidated with Civil No. 14-00058] |
| vs. | |
| UNITED STATES OF AMERICA, DEPARTMENT OF TREASURY INTERNAL REVENUE SERVICE, | FINDINGS AND RECOMMENDATION THAT HAWAII PACIFIC FINANCE, LTD.'S PETITION TO QUASH IRS SUMMONSES BE DENIED AND THAT THE UNITED STATES' PETITION TO ENFORCE IRS SUMMONSES BE GRANTED |
| Respondent. | |
| UNITED STATES OF AMERICA, | |
| Petitioner, | |
| vs. | |
| CAROLYN RICHEY, PRESIDENT, HAWAII PACIFIC FINANCE, LTD., | |
| Respondent. | |

FINDINGS AND RECOMMENDATION THAT HAWAII PACIFIC FINANCE, LTD.'S PETITION TO QUASH IRS SUMMONSES BE DENIED AND THAT THE UNITED STATES' PETITION TO ENFORCE IRS SUMMONSES BE GRANTED[1]

A hearing was held on June 26, 2014, on Hawaii Pacific Finance, Ltd.'s Petition to Quash Internal Revenue Service Summonses and the Court's Order to Show Cause regarding the

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

1

United States of America's Petition to Enforce Internal Revenue Service Summonses.  Harry Yee, Esq. appeared on behalf of the United States.  Christopher J. Muzzi, Esq., appeared on behalf of Hawaii Pacific Finance, Ltd.

## BACKGROUND

This consolidated action involves two summonses served on November 25, 2013, issued to Carolyn Richey, President of Hawaii Pacific Finance, Ltd. ("HPF").  The first summons was in the matter of Hawaii Pacific Finance, Ltd. ("HPF Summons"); the second was in the matter of Wagdy A. Guirguis ("Guirguis Summons") (collectively referred to as the "Summonses").  HPF filed a Petition to Quash two months before the United States filed its Petition to Enforce the Summonses.[2]  The Petition to Quash and the Petition to Enforce require the Court to examine the same issue:  whether the Summonses were issued in good faith.

## ANALYSIS

To enforce a summons, the government must establish good faith by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information not already within the IRS's possession; and (4) satisfies all administrative steps required by the United States Code.  United States v. Powell, 379 U.S. 48,

---

[2] Although the United States asserts that the Petition to Quash should have been dismissed as premature pursuant to Rule 12(b)(1), the United States made no such motion to the court.

57-58 (1964). The government's burden is "a slight one" and is generally satisfied by the sworn declaration of the IRS agent who issued the summons establishing that the Powell requirements have been met. Fortney v. United States, 59 F.3d 117, 120 (9th Cir. 1995).

Once the government has shown that the Powell requirements have been met, the taxpayer is entitled to an evidentiary hearing to challenge the summons' validity if the taxpayer "presents specific facts or circumstances plausibly raising an inference of bad faith." United States v. Clarke, 573 U.S. \_\_\_\_, No. 13-301, 2014 WL 2765284, at *5 (June 14, 2014). "Naked allegations of improper purpose are not enough: The taxpayer must offer some credible evidence supporting his charge." Id. The taxpayer must "make a showing of facts that give rise to a plausible inference of improper motive." Id.

**1. The Powell Requirements Have Been Met.**

Here, the Court finds that the IRS has demonstrated that the Powell requirements have been met. The IRS submitted the declaration of Revenue Officer Fuller, who issued the Summonses, establishing that the Summonses meet the four Powell requirements. See ECF No. 16-1, Fuller Decl. Specifically, Revenue Officer Fuller's declaration establishes that:

(1) the Summonses were issued for a legitimate purpose as part of the IRS's investigation to determine HPF's federal tax

3

liabilities for the calendar years 2002 though 2012 and the IRS's investigation to determine the federal tax liabilities for the trust fund recovery penalty under I.R.C. § 6672 for Wagdy A. Guirguis for the tax periods ending March 31, 1999, September 30, 1999, December 31, 1999, March 31, 2000, June 30, 2000, September 30, 2000, December 31, 2000, March 31, 2001, June 30, 2001, September 30, 2001, December 31, 2001, and June 30, 2010;

(2) the information sought through the Summonses may be relevant to these investigations to help the IRS determine the correct federal tax liabilities of HPF and to help the IRS ascertain Wagdy A. Guirguis's overall financial situation to assist in collecting his federal tax liabilities;

(3) At the time the Summonses were issued they sought documents not already within the IRS's possession; and

(4) all administrative requirements have been met with regard to the summons.

Because the IRS has met the four Powell requirements, the burden shifts to HPF to show facts that give rise to a plausible inference of improper motive.

**2. HPF Has Failed to Present Specific Facts or Circumstances that Plausibly Raise an Inference of Bad Faith.**

HPF requests an evidentiary hearing and discovery regarding whether the Summonses were issued for an improper purpose. As noted above, HPF is only entitled to an evidentiary

4

hearing if it "presents specific facts or circumstances plausibly raising an inference of bad faith." Clarke, 2014 WL 2765284, at *5. HPF asserts three main arguments in support of its contention that the Summonses were issued for an improper purposes. As discussed in detail below, the Court finds that HPF has not presented sufficient evidence to plausibly raise an inference of bad faith as to the IRS's purpose for issuing the Summonses.

First, HPF asserts that the Summonses were issued to harass HPF and Ms. Richey in relation to an interpleader action regarding the priority of certain funds filed on October 9, 2013. See Civil No. 13-00518 LEK-RLP, Century 21 Liberty Homes v. United States of America, Hawaii Pacific Finance, Ltd., Waqdy Guiguis, and Magda Guiguis ("Century 21 Action"). Ms. Richey states in her declaration that on November 15, 2013, while the Century 21 Action was pending, Revenue Officer Fuller contacted Ms. Richey by telephone. ECF No. 20-1, Richey Decl., ¶ 14. Ms. Richey states that Revenue Officer Fuller asked Ms. Richey whether HPF's tax returns were filed, which information she asserts was already known to the IRS. Id. ¶ 15. Ms. Richey states that Revenue Officer Fuller told her that he would pull her personal tax returns, that this could become a serious matter, and that she could "go to jail for a long time." Id. ¶¶ 16, 17. Ms. Richey believed the communication from Revenue

5

Officer Fuller was a threat against HPF and her personally if HFP continued to assert its lien priority over the IRS in the Century 21 Action.  Id. ¶ 18.  HPF also notes that the Summonses were issued thirteen days after the IRS filed its answer in the Century 21 Action.  Id. at 12.

Based on Ms. Richey's declaration and the timing of the issuance of the Summonses, HPF argues that the Summonses were issued in retaliation for HPF asserting priority of its lien over the IRS in the Century 21 Action and to put pressure on HPF to settle or abandon its claim in the Century 21 Action.  ECF No. 20 at 12-13.  The Court finds that HPF has not presented sufficient evidence to plausibly raise an inference of bad faith as to the IRS's purpose for issuing the Summonses.  As HPF concedes, the Century 21 Action was dismissed by stipulation of the parties.  The stipulation was entered into after HPF filed a notice of disclaimer to the funds at issue and the parties entered into a stipulation to distribute the funds.  There is absolutely no indication in the record that the disclaimer or stipulations in the Century 21 Action were based on duress or entered into because of any pressure put on HPF by the IRS.[3]  Additionally,

---

[3] Although not fully articulated in HPF's briefing, HPF appears to suggest that the Summonses were issued for an improper purpose based on another interpleader action filed on May 29, 2014, again involving both HPF and the IRS.  See ECF No. 20-1 n.2; Richey Decl. ¶ 13.  Given that this new interpleader action was filed more than six months after the Summonses were issued, the Court finds that any assertion of bad faith based on that

6

HPF's argument that the Summonses were issued for an improper purpose because Revenue Officer Fuller contacted Ms. Richey while she was represented by counsel in the Century 21 Action is likewise insufficient to raise a plausible inference of bad faith. There is no indication in the record that Ms. Richey informed Revenue Officer Fuller during the November 15, 2013 telephone call that she was represented by counsel. Ms. Richey did not submit Forms 2848, Declaration of Representation, informing the IRS that she was represented by counsel until December 24, 2013. ECF Nos. 16-4, 16-5. The Court notes that the Forms 2848 indicate that Ms. Richey and HPF are represented by an attorney who was <u>not</u> representing HPF in the Century 21 Action. Id. The Court finds that the evidence presented by HPF regarding the Century 21 Action is insufficient to raise a plausible inference of bad faith as to the issuance of the Summonses.

Second, HPF asserts that the HPF Summons was issued for the improper purpose of gathering information for Ms. Richey's criminal prosecution. ECF No. 20 at 13. The only basis for this assertion is Revenue Officer Fuller's purported statement to Ms. Richey that she could "go to jail for a long time." Id.; ECF No. 20-1, Richey Decl., ¶ 17. Officer Fuller states in his declaration that he explained to Mr. Richey that

---

action is pure conjecture.

refusal to comply with a summons may result in an enforcement proceeding wherein a court could order enforcement and hold Ms. Richey in contempt for refusal to comply. ECF No. 16-1, Fuller Decl., ¶ 16. Revenue Officer Fuller states that he made no statement as to whether or not Ms. Richey would go to jail as a result of failing to comply with a summons. Id. Revenue Officer Fuller also states that he is unaware of any criminal investigation with respect to HPF or Mr. Richey. Id. ¶ 18. The Court finds that Ms. Richey's statement that Revenue Officer Fuller told her she would "go to jail for a long time" does not raise a plausible inference that the Summonses were issued for the improper purpose of gathering information for a criminal prosecution.

Third, HPF asserts that the Guirguis Summons was issued for the improper purpose of inquiring into the business affairs of HPF. ECF No. 20 at 13. HPF contends that the Guirguis Summons "does not appear to have anything to do with the tax liability of Mr. Guirguis; or the collection of any internal revenue tax liability from Mr. Guirguis." Id. HPF concedes that the "IRS has been attempting to collect taxes from Wagdy A. Guirguis" and that HPF was served with and complied with a prior summons issued in 2012 seeking various documents related to Wady A. Guirguis. ECF No. 20 at 6-7. The Guirguis Summons specifically asks for documents "involving all loans, notes,

8

Mortgages, and encumbrances of any kind secured by Wagdy A. Guirguis." ECF No. 1-2 at 1. The Court finds that HPF's unsupported assertion that the Guirguis Summons was issued for the purpose of inquiring into the business affairs of HPF does not to raise a plausible inference of bad faith as to the issuances of the Guirguis Summons.

Because the IRS has met the four <u>Powell</u> requirements and HPF has failed to make a showing of facts that give rise to a plausible inference of improper motive, the Court RECOMMENDS that HPF's request for an evidentiary hearing be DENIED.

**3. The Summonses Should Be Enforced.**

Based on the Petition to Enforce, the Petition to Quash, and the arguments presented by counsel, the Court makes the following findings of fact:

1. The IRS is conducting an investigation to determine HPF's federal tax liabilities for the years 2002 through 2012.

2. The IRS is conducting an investigation to determine the federal tax liabilities for the trust fund recovery penalty under I.R.C. § 6672 for Wagdy A. Guirguis for the tax periods ending March 31, 1999, September 30, 1999, December 31, 1999, March 31, 2000, June 30, 2000, September 30, 2000, December 31, 2000, March 31, 2001, June 30, 2001, September 30, 2001, December 31, 2001, and June 30, 2010.

3. On November 25, 2013, the IRS served two duly

issued summonses on Carolyn Richey, President of HPF, which directed Ms. Richey to appear before IRS Revenue Officer Fuller on January 7, 2014, to testify and produce certain books, records, papers, and other data related to HPF and related to Wady A. Guirguis as described in the summonses.

4. As President of HPF, Ms. Richey had access to records pertaining to HPF's returns or returns-related information.

5. As President of HPF, Ms. Richey had access to financial records relating to the collection of the tax liabilities for Wady A. Guirguis, who indicated to the IRS that he owes significant monetary amounts to HPF for outstanding loans.

6. Ms. Richey filed a Petition to Quash the Summonses on December 16, 2013.

7. Ms. Richey did not appear before Revenue Officer Fuller on January 7, 2014, and did not produce certain books, records, papers, and other data described in the summonses.

8. Ms. Richey's failure to comply with the IRS summonses continued until February 3, 2014, when the United States filed the Petition to Enforce and the court issued the Order to Show Cause.

9. On February 10, 2013, the Petition and the Order to Show Cause were served on Christopher J. Muzzi, attorney for HPF.

10. HPF has failed to make a showing of facts that give rise to a plausible inference of improper motive.

Accordingly, the Court RECOMMENDS that the district judge enter an order as follows:

(1) Hawaii Pacific Finance, Ltd.'s Petition to Quash Internal Revenue Service Summonses is DENIED.

(2) The United States of America's Petition to Enforce Internal Revenue Service Summonses is GRANTED.

(3) The IRS Summonses served upon Carolyn Richey, President of Hawaii Pacific Finance, Ltd. shall be enforced and she shall obey the Summonses in full;

(4) Carolyn Richey, President of Hawaii Pacific Finance, Ltd. is directed to produce all documents responsive to the IRS Summonses by July 24, 2014; and

(5) Should Carolyn Richey, President of Hawaii Pacific Finance, Ltd. fail to fulfill the requirements of the order, the United States may move for a hearing on motion for contempt of the order.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JUNE 26, 2014.

_____
Richard L. Puglisi
United States Magistrate Judge

**HAWAII PACIFIC FINANCE, LTD. V. UNITED STATES; CIVIL NO. 13-00692 DKW-RLP; FINDINGS AND RECOMMENDATION THAT HAWAII PACIFIC FINANCE, LTD.'S PETITION TO QUASH IRS SUMMONSES BE DENIED AND THAT THE UNITED STATES' PETITION TO ENFORCE IRS SUMMONSES BE GRANTED**